UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:25-cr-35-CEM-UAM
 18 U.S.C. § 2422(b)
 18 U.S.C. § 2252A(a)(1)
 18 U.S.C. § 2252A(a)(2)
 18 U.S.C. § 2252A(a)(5)(B)

JAMES HJELMELAND

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
**(Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity)**

From on or about December 29, 2024, through on or about January 24, 2025, in the Middle District of Florida, and elsewhere, the defendant,

JAMES HJELMELAND,

using a facility and means of interstate commerce, did knowingly attempt to persuade, induce, entice, and coerce an individual who the defendant believed had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically: Florida Statute § 800.04(4)(a).

In violation of 18 U.S.C. § 2422(b).

### COUNT TWO
**(Distribution of Child Pornography)**

On or about December 30, 2024, in the Middle District of Florida, and elsewhere, the defendant,

JAMES HJELMELAND,

did knowingly distribute child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, in and affecting interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## COUNT THREE
### (Distribution of Child Pornography)

On or about January 1, 2025, in the Middle District of Florida, and elsewhere, the defendant,

JAMES HJELMELAND,

did knowingly distribute child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, in and affecting interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## COUNT FOUR
### (Transportation of Child Pornography)

On or about January 24, 2025, in the Middle District of Florida, and elsewhere, the defendant,

JAMES HJELMELAND,

did knowingly transport child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, in and affecting interstate and foreign commerce and using any means and facility of interstate and foreign commerce.

In violation of 18 U.S.C. § 2252A(a)(1) and (b)(1).

## COUNT FIVE
### (Possession of Child Pornography)

On or about January 24, 2025, in the Middle District of Florida, and elsewhere, the defendant,

JAMES HJELMELAND,

did knowingly possess materials that contained images of child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce, and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

## FORFEITURE

1.   The allegations contained in Counts One through Five are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. §§ 2253 and 2428.

2. Upon conviction of a violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(a)(1), and/or 2252A(a)(2), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

   a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

   b. any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

   c. any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

3. Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

   a. any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

   b. any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation.

4. The property to be forfeited includes, but is not limited to, the following: a Samsung Galaxy S24, which was seized from the defendant on or about January 24, 2025.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).



Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Kaley Austin-Aronson
Assistant United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

## THE UNITED STATES OF AMERICA

vs.

## JAMES HJELMELAND

## INDICTMENT

Violation:

18 U.S.C. § 2422(b)
18 U.S.C. § 2252A(a)(1)
18 U.S.C. § 2252A(a)(2)
18 U.S.C. § 2252A(a)(5)(B)

_____
Foreperson

Filed in open court this 12th day of February, 2025.

_____
Clerk

Bail  $_____

GPO 863 525