# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                       **Case No. 6:25-cr-35-CEM-NWH**

**JAMES HJELMELAND,**

    **Defendant.**

_____/

## MOTION TO WITHDAW AS APPOINTED COUNSEL

The Office of the Federal Defender moves to withdraw as counsel for the defendant, James Hjelmeland as Mr. Hjelmeland has retained private counsel. In support of this Motion, counsel for Mr. Hjelmeland states as follows:

1. The Office of the Federal Defender was appointed to represent Mr. Hjelmeland on January 27, 2025. Doc. 9.

2. On October 10, 2025, attorney David L. Haas of Haas Law, PLLC, filed a Notice of Appearance as counsel for Mr. Hjelmeland. Doc. 47.

3. Assistant United States Attorney Noah Dorman has no

1

objection to this Motion.

## MEMORANDUM OF LAW

The Sixth Amendment to the United States Constitution guarantees an accused the right to counsel and, if the accused is indigent and wishes counsel, an attorney must be appointed without cost. *Gideon v. Wainwright*, 372 U.S. 335 (1963). An accused also has the right to retain counsel of his or her own choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) (Erroneous deprivation of a criminal defendant's choice of counsel is structural error under the Sixth Amendment). In that regard, Mr. Hjelmeland has retained the services of counsel of his choice. Dual representation of an accused by private counsel and the Federal Public Defender (FPD) is unwarranted and an unnecessary expenditure of finite funds. The services of the FPD should therefore be terminated pursuant to 18 U.S.C. § 3006A(c). ("If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate."). Local Rule 2.03

provides that no attorney shall withdraw as counsel without written leave of Court and notice to opposing counsel and to the defendant.

Wherefore, undersigned counsel respectfully moves to withdraw from further representation of Mr. Hjelmeland, for substitution of retained counsel, David L. Haas, Esquire to appear as counsel of record representing Mr. Hjelmeland in this case, and to terminate future notifications to undersigned counsel concerning this case.

## CONCLUSION

Wherefore, undersigned counsel requests this Honorable Court to enter an order allowing the Office of the Federal Defender to withdraw from any further representation of the Defendant, James Hjelmeland.

Respectfully submitted this 13th day of October, 2025.

        A. FITZGERAL HALL, ESQ.
        ACTING FEDERAL DEFENDER

        *s/Katherine Puzone*
        Katherine Puzone, Esq.
        Assistant Federal Defender
        Florida Bar No.94491
        201 S. Orange Avenue, Suite 300
        Orlando, FL 32801
        Telephone: 407-648-6338
        Fax: 407-648-6095
        E-Mail: katherine_puzone@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to Noah Dorman, Assistant United States Attorney, this 13th day of October, 2025.

*s/Katherine Puzone*
Katherine Puzone. Esq.
