UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 6:25-cr-35-CEM-NWH

JAMES HJELMELAND

UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE

The United States moves this Court, pursuant to 18 U.S.C. §§ 2253 and 2428 and Fed. R. Crim. P. 32.2(b)(2), for a preliminary order of forfeiture for a Samsung Galaxy S24, which was seized from the defendant on or about January 24, 2025.

MEMORANDUM OF LAW

I.  Statement of Facts

A.  Allegations Against the Defendant

1.  The defendant was charged in an Indictment with attempted coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2242(b) (Count One), transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Count Four), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Five). Doc. 1.

2.  The Indictment also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. §§ 2253 and 2428, the United States would seek to forfeit the asset identified above. *Id.* at 3-5.

### B. Finding of Guilt and Admissions Related to Forfeiture

3. On November 25, 2025, without the benefit of a plea agreement, the defendant pled guilty to Counts One through Five of the Indictment. Doc. 57. The Court accepted the defendant's plea and adjudicated him guilty. *Id.*

4. The Factual Basis of the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, establishes the basis for finding that the defendant attempted to coerce and entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2242(b), transport child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and possess child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Doc. 55 at 6-14. A search of the defendant's Galaxy S24 phone was conducted on January 24, 2025, after the defendant had traveled from Canada to the United States to engage in sexual activity with a minor. Law enforcement located 338 images and 117 videos of CSAM on the device. Additionally, law enforcement was able to determine that the phone was used to communicate with an undercover agent about sexual activity of a minor. *Id.*

## II. Applicable Law

### A. Forfeiture Authority

Forfeiture for a violation of 18 U.S.C. § 2422(b) is authorized by 18 U.S.C. § 2428, which provides for the forfeiture of any property used or intended to be used to commit or to facilitate the commission of a violation of 18 U.S.C. § 2422(b).

The forfeiture for a violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(a)(5)(B) is authorized by 18 U.S.C. § 2253, which provides for the forfeiture of any property used or intended to be used to commit or to promote the commission of a violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(a)(5)(B).

### B. Court's Determination of Forfeiture

Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime. Fed. R. Crim. P. 32.2(b)(1). The Rule requires this be done as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As was established in the Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, the phone was used or intended to be used to commit or to facilitate the commission of the offenses charged in Counts One, Four and Five. Therefore, the phone is subject to forfeiture pursuant to 18 U.S.C. §§ 2253 and 2428.

## III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. §§ 2253 and 2428 and Rule 32.2(b)(2), the Court enter a preliminary order of

forfeiture for the asset identified above. The United States further requests that the preliminary order of forfeiture become final as to the defendant at sentencing.

Upon issuance of the preliminary order of forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the asset and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the asset. Determining whether a third party has any interest in the asset must be deferred until a third-party files a claim. *See* Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By:   *s/Nicole M. Andrejko*
     NICOLE M. ANDREJKO
     Assistant United States Attorney
     Florida Bar No. 0820601
     400 West Washington Street, Suite 3100
     Orlando, Florida 32801
     Telephone: (407) 648-7560
     Facsimile: (407) 648-7643
     E-Mail: Nicole.Andrejko@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

     *s/Nicole M. Andrejko*
     NICOLE M. ANDREJKO
     Assistant United States Attorney